UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FIRE INSURANCE CO.,

    Plaintiff,

v.                                   CASE NO: 8:04-cv-2783-T-23TBM

FREEDOM VILLAGE OF SUN CITY
CENTER, LTD., et al.,

    Defendants,

JAMES R. MIKES and SUNCOAST
COUNTRY CLUBS, INC.,

    Intervening Defendants
    and Counter-Plaintiffs.
_____/

**ORDER**

    Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), a June 13, 2005, order (Doc. 32) referred the plaintiff's motion (Doc. 27) to dismiss the intervening defendants' counterclaim to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's October 28, 2005, report and recommendation (Doc. 63), the intervening defendants filed objections (Doc. 73) and the plaintiff responded to the objections (Doc. 75).

    A *de novo* determination of those portions of the report and recommendation to which the intervening defendants object reveals that the objections either are unfounded or otherwise require no different resolution of the plaintiff's motion to dismiss.

Accordingly, the intervening defendants' objections (Doc. 73) are **OVERRULED** and the

Magistrate Judge's report and recommendation (Doc. 63) is **ADOPTED**.  The plaintiff's

motion to dismiss (Doc. 27) the intervening defendants' counterclaim is **GRANTED**.

The intervening defendants' counterclaim is **DISMISSED WITHOUT PREJUDICE**.[1]

ORDERED in Tampa, Florida, on December 1, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
       Courtroom Deputy

---

[1] The intervening defendants claim in their memorandum that a recent settlement has satisfied the requirements of Section 627.4136, Florida Statutes, and that "a written agreement is anticipated shortly" (Doc. 73 at 1).  Nothing in this order prevents the intervening defendants from bringing their counterclaim once they meet the standing requirements established by the non-joinder statute.