**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES FIRE
INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                          **Case No. 8:04-cv-2783-T-23TBM**

**FREEDOM VILLAGE OF
SUN CITY CENTER, et al.,**

      **Defendants,**

**JAMES R. MIKES and
SUNCOAST COUNTRY CLUBS, INC.,**

      **Intervening Defendants
and Counter-Plaintiffs.**
_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1)   **U.S. Fire's Motion for an Order Prohibiting James R. Mikes From Communicating With U.S. Fire and for Sanctions** (Doc. 45), James R. Mikes' and Suncoast Country Clubs, Inc.'s **Motion to Strike Plaintiff's Motion for Order and Sanctions Regarding James R. Mikes** (Doc. 48), U.S. Fire's response in opposition (Doc. 61); and James R. Mikes' and Suncoast Country Clubs, Inc.'s supplemental response (S-1);

(2)   **U.S. Fire's Motion for Sanctions Against Mikes/Suncoast for Failure to Comply with Rule 26(a) and Motion to Compel Discovery** (Doc. 54) and James R. Mikes' and Suncoast Country Clubs, Inc.'s response in opposition (Doc. 64); and

(3)   **James R. Mikes' Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927** (Doc. 80) and supplement thereto (Doc. 81) and U.S. Fire's response in opposition (Doc. 84).

A hearing on these matters was conducted on December 8, 2005.

For reasons set forth more fully at the hearing, the court enters the following Orders.

**U.S. Fire's Motion for an Order Prohibiting James R. Mikes From Communicating**

**With U.S. Fire and for Sanctions** (Doc. 45) is GRANTED in part.  Henceforth, Mr. Mikes

and Suncoast Country Clubs, Inc. (hereinafter "Suncoast") shall communicate with U.S. Fire only through its trial counsel, Gary Khutorsky.[1]  To the extent the motion (Doc. 45) seeks sanctions against Mr. Mikes, it is DENIED without prejudice.  Mr. Mikes' and Suncoast's **Motion to Strike Plaintiff's Motion for Order and Sanctions Regarding James R. Mikes** (Doc. 48) is DENIED.  **U.S. Fire's Motion for Sanctions Against Mikes/Suncoast for Failure to Comply with Rule 26(a) and Motion to Compel Discovery** (Doc. 54) is GRANTED in part.  Within fifteen (15) days of the date of this Order, Mikes and Suncoast shall answer U.S. Fire's Second Request for Admissions.  Additionally, U.S. Fire may resubmit a narrowed Request to Produce to Mikes and Suncoast, to which they shall promptly respond.[2]  In all other respects, the motion (Doc. 54) is DENIED without prejudice.  **James R. Mikes' Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927** (Doc. 80) is DENIED.

As indicated at the hearing, the court will not tolerate continued unprofessional conduct on the part of any counsel in this case.  Should the undersigned have to revisit pleadings/allegations of this sort again, sanctions, including the possible removal of counsel, will be considered.

**Done and Ordered** in Tampa, Florida, this 9th day of December 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[1] As indicated at the hearing, counsel for U.S. Fire shall, in the first instance, contact Betsy McCoy to satisfy the requirements of Local Rule 3.01(g).  Only in the event that counsel is unable to contact Ms. McCoy shall he contact Mr. Mikes.

[2] The court expects counsel to cooperate in identifying all documents relevant to the coverage issues before this court.  Henceforth, it will not be a sufficient response that Mikes and Suncoast have made available all documents accumulated in the underlying litigation. They must assist in identifying pertinent documents.