## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES FIRE**
**INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                                                    **Case No. 8:04-cv-2783-T-23TBM**

**FREEDOM VILLAGE OF**
**SUN CITY CENTER, et al.,**

        **Defendants,**

**JAMES R. MIKES and**
**SUNCOAST COUNTRY CLUBS, INC.,**

        **Intervening Defendants.**

_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the court on referral by the Honorable Steven D. Merryday

for a Report and Recommendation on **U.S. Fire's Motion for Leave to Amend Complaint**

(Doc. 106).  By its motion, U.S. Fire seeks leave to amend its Complaint in order to assert

additional facts and defenses to coverage in light of the settlement reached on or about

December 16, 2005, in the underlying state court tort action against the insured/Defendants

herein.[1]  In light of that settlement, it also seeks to add James R. Mikes and Suncoast Country

Clubs, Inc., (hereinafter "Intervenors") as party Defendants.  U.S. Fire represents that the

Defendants consent to its proposed amendment.  Intervenors have filed a response to U.S.

Fire's motion and object that the motion is "inexcusably late."  Nonetheless, Intervenors

_____

      [1]By its Complaint, U.S. Fire seeks a declaration that it is not obligated to provide
coverage under certain umbrella liability policies for claims that have been asserted against its
insured in a tort action pending in state court.  (Doc. 1).

consent to the filing of an amended complaint although they dispute certain of the allegations in the proposed complaint.  (Doc. 108).

Rule 15 provides that leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The district court has the discretion to grant or deny a motion to amend a pleading pursuant to Rule 15(a).  See Foman v. Davis, 371 U.S. 178, 182 (1962); McKinley v. Kaplan, 177 F.3d 1253, 1255 (11th Cir. 1999).  There must be a "justifying reason" for a court to deny leave to amend.  See Foman, 371 U.S. at 182.  Leave to amend may be denied when (1) amendment would be futile, (2) amendment would be prejudicial to the opposing party, or (3) there has been bad faith, undue delay, dilatory motive, or repeated failures to cure deficiencies by amendments on behalf of the moving party.  See id.; McKinley, 177 F.3d at 1257; Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999); Technical Res. Servs., Inc. v. Dornier Med. Sys., Inc., 134 F.3d 1458, 1463-64 (11th Cir. 1998).  The liberal policy of allowing amendments under Rule 15(a) circumscribes the exercise of the district court's discretion.  See Motorcity of Jacksonville, Ltd. v. Se. Bank N.A., 83 F.3d 1317, 1323 (11th Cir. 1996) (quoting Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)), vacated and remanded by Hess v. FDIC, 519 U.S. 1087 (1997), reinstated by Motorcity of Jacksonville, Ltd. v. Se. Bank N.A., 120 F.3d 1140 (11th Cir. 1997).

As grounds for the motion, U.S. Fire asserts that by entering the December 2005 settlement without its consent, the insured/Defendants violated one or more conditions of its policies and such settlement bars coverage that otherwise may have existed under the policies for the claims in the state tort action.  Anticipating the timeliness argument, U.S. Fire indicates that although the settlement had been forecast, it did not receive copies of the

settlement until December 19, 2005, and it argues that the additional factual allegations and

defense(s) were unavailable to it prior to the execution of the settlement agreement.  It also

asserts that the proposed amendment is not being sought in bad faith or for the purposes of

delay, this is the first amendment sought, and while the amendment may necessitate some

additional discovery, doing so should not substantially delay the trial of this action.  Finally,

U.S. Fire asserts that  the proposed amendment does not come as surprise to the Defendants or

Intervenors and will not unduly prejudice them.  Intervenors respond that the motion is late

and the proposed complaint contains objectionable allegations, but they do not oppose the

filing of an amended complaint.[2]

Upon consideration of the pleadings and the discussions had at the hearing, the court

finds that the factors outlined in <u>Foman</u> are not present in this case and amendment is

therefore appropriate.  Notably, neither the Defendants nor the Intervenors contend that it

would be appropriate for the court to deny U.S. Fire's motion.  Although the Intervenors

challenge specific factual allegations set forth in the proposed amended complaint, they do

not challenge the amendment itself.  Nor do they allege that they would be prejudiced if U.S.

Fire was permitted to file an amended complaint.  While the Intervenors identify certain

perceived deficiencies in the proposed amended complaint and urge the court to direct U.S.

Fire to correct the same, to do so would be inappropriate as the proposed amendment has not

yet been filed.  To the extent that the Intervenors urge that the motion is untimely, the court

---

[2]Intervenors contend that a more particular pleading is required, citing specifically ¶¶ 54-57.  As for ¶ 63 of the proposed amendment, they indicate that under the December 2005 settlement, Intervenors were assigned the right to enforce the coverage duties on behalf of the insured/Defendants and not the policy rights themselves as alleged.  They also urge the court to disallow any lengthy delays in the trial of this cause as a result of any amendment.

3

disagrees.  As U.S. Fire points out, until the settlement documents were executed, its proposed amendment was not ripe.

For the reasons set forth above, it is RECOMMENDED that **U.S. Fire's Motion for Leave to Amend Complaint** (Doc. 106) be GRANTED and that U.S. Fire be directed to file its Amended Complaint along with true copies of the original policies at issue within ten (10) days of such order.  Because the filing of an amended complaint necessarily would require that the scheduling order in this cause be amended to accommodate limited additional discovery before the submission of dispositive motions, it s further RECOMMENDED that the parties be directed to confer and file an amended case management report.

Respectfully submitted this
26th day of January 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.It is further RECOMMENDED that the court direct Defendant to file its Answer to Plaintiff's Complaint.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record