**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES FIRE**
**INSURANCE CO.,**

    **Plaintiff,**

**v.**                                                       **Case No. 8:04-cv-2783-T-23TBM**

**FREEDOM VILLAGE OF SUN**
**CITY CENTER, LTD, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court upon referral from the Honorable Steven D. Merryday for a Report and Recommendation on the **Motion for Leave to Intervene by the Florida Insurance Guaranty Association, Inc.** (Doc. 107).[1] By its motion, the Florida Insurance Guaranty Association, Inc. (hereinafter "FIGA") seeks an Order granting it leave to intervene as Defendants in this action, pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, pursuant to Federal Rule of Civil Procedure 24(b)(2). Plaintiff consents to the intervention, but only insofar as it does not destroy the court's diversity jurisdiction with respect to all existing parties (Doc. 114).[2] Defendants James R. Mikes and Suncoast Country Clubs, Inc. (hereinafter "Suncoast Defendants") likewise consent to the intervention although they oppose the proposed petition (Doc. 122).[3] Defendants Freedom Village of Sun

---

[1] The proposed Petition for Declaratory Relief it seeks to file is appended to the motion.

[2] Plaintiff has also filed a Notice of Supplemental Authority. (Doc. 145).

[3] The Suncoast Defendants have also filed a Motion for Leave to File Supplemental Authority. (Doc. 146).

City Center, Ltd.; Freedom Group, Inc.; and Frank Herold (hereinafter "Freedom Defendants") have not filed a response to FIGA's motion. A hearing on this matter was conducted on March 14, 2006

I.

United States Fire Insurance Company (hereinafter "U.S. Fire" or "Plaintiff") is an insurance company incorporated in the State of Delaware with a principal place of business in Morristown, New Jersey. Defendant, Freedom Village of Sun City Center, Ltd., was a Florida limited partnership; Defendant, Freedom Group, Inc., was a Florida corporation and the general partner of Freedom Village; and Frank Herold, a resident of Florida, was the president, director, and shareholder of Freedom Group.[4] Defendant Suncoast Country Clubs, Inc., is a Florida corporation. Defendant James R. Mikes, a Florida resident, is the sole officer, director, and shareholder of Suncoast Country Clubs, Inc.[5]

PHICO Insurance Company (hereinafter "PHICO") insured the Freedom Defendants at all pertinent times between 1995 and 1998. PHICO was placed in receivership in August 2001. In February 2002, PHICO was declared insolvent and ordered to be liquidated by the Pennsylvania Insurance Commissioner pursuant to an Order of Liquidation by a judge of the Commonwealth Court of Pennsylvania. FIGA, a Florida nonprofit corporation and a Florida

---

[4] Freedom Group merged with American Retirement Corporation (hereinafter "ARC"), a Tennessee corporation, in July 1998. It appears undisputed that the three U.S. Fire policies at issue in this case inure to the benefit of ARC and a Tennessee limited partnership, ARC Freedom, LLC. No motion to substitute party has been filed, and I will refer to all these entities as the "Freedom Defendants."

[5] By way of Plaintiff's Amended Complaint dated February 10, 2006, (Doc. 127), the Suncoast Defendants were named as party Defendants in this action (whereas they previously were intervening Defendants).

2

citizen for jurisdictional purposes, was created by the Florida legislature to handle the claims of insolvent insurance companies. In 2002, FIGA, pursuant to its statutory authority, assumed all duties and responsibilities with respect to PHICO.

From June 30, 1995, through June 30, 1998, the Freedom Defendants were insured under a comprehensive liability policy issued by PHICO under policy number HCL 4783. The PHICO policy provided coverage for personal injury liability and property damage liability in the amount of $1,000,000 per each occurrence and $3,000,000 aggregate. During the same period of time, the Freedom Defendants were also insured under commercial umbrella policies issued by U.S. Fire.[6] These policies likewise insured against personal injury and property damage. Each of the policies employed certain exclusions and limitations on coverage.

In or about August 1998, the Suncoast Defendants brought suit against the Freedom Defendants in the Circuit Court for Hillsborough County, Florida. See <u>Suncoast Country Clubs, Inc. & James R. Mikes v. Freedom Village of Sun City Center, Ltd., et al.</u>, Case No 98-CA-005802 (hereinafter "state tort action"). The amended complaint in that case presently alleges claims for defamation and invasion of privacy stemming from statements and publications the Freedom Defendants made during the course of business dealings dating back to 1995. In or about September 1998, PHICO undertook to defend its insured under a reservation of rights. As noted above, in 2002, FIGA stepped into the shoes of PHICO on these claims. Although the excess carrier for the Freedom Defendants, U.S. Fire maintains that it was unaware of the state tort action until May 2003.

---

[6]The three umbrella policies were issued annually beginning June 30, 1995, and inure to the benefit of the Freedom Defendants and their successors.

In December 2004, U.S. Fire filed its instant action seeking a declaration of its rights and obligations under the umbrella policies issued to the Freedom Defendants.[7] In December 2005, the Suncoast Defendants and the Freedom Defendants entered into a "Stipulation and Settlement Agreement," and executed an accompanying "Statement of Good Faith Settlement Understanding" (collectively the "2005 settlement") in the state tort action.[8] By these documents, a total settlement amount was allocated as between U.S. Fire, PHICO and FIGA; the Suncoast Defendants agreed to release the Freedom Defendants in the state tort action by a general release and to dismiss the case with prejudice; the Freedom Defendants assigned to the Suncoast Defendants all of their rights to enforce coverage, causes of action, and duties pursuant to each respective policy issued by PHICO/FIGA and U.S. Fire; and the Suncoast Defendants retained the right to pursue PHICO/FIGA and/or U.S. Fire for the amount of available coverages. Both FIGA and U.S. Fire claim that the 2005 settlement was neither authorized nor consented to by them.

## II.

### A.

FIGA maintains that the assignment of rights set forth in the 2005 settlement, which grants discretion to the Suncoast Defendants to pursue FIGA and/or U.S. Fire, as well as allegations in U.S. Fire's Amended Complaint for declaratory relief, place these companies in

---

[7]As indicated above, Plaintiff filed an Amended Complaint on February 10, 2006.

[8]This settlement was preceded by two other settlements between the Freedom Defendants and the Suncoast Defendants, one in 1999 and one in 2004. In pertinent part, in those agreements, the Suncoast Defendants agreed to limit their recovery in the state tort action to the Freedom Defendants' available coverage, if any, under their policies with PHICO/FIGA and U.S. Fire.

4

potentially adverse positions despite the fact that they share a common insured. FIGA also urges that its interest and those of U.S. Fire are "inextricably polarized" by the extant circumstances and that it cannot adequately protect its own interests unless it is permitted to join the action and seek its own declaratory relief.[9]

FIGA's Proposed Petition for Declaratory Relief alleges that, as the primary insurer of the claims in the underlying state tort action, it is now in doubt as to its rights, obligations and duties to U.S. Fire arising under the contracts and common law. As relief, it seeks a declaratory judgment that it has complied with any duties owed to U.S. Fire and a release from U.S. Fire from any claim that it has failed to defend a common insured, as well as a declaration whether FIGA or U.S. Fire had a duty to defend a claim for punitive damages in the state tort action. By a second count, FIGA alleges that it is uncertain of its duties, if any, to U.S. Fire in relation to the 2005 settlement between the Suncoast Defendants and the Freedom Defendants. It seeks a declaration that U.S. Fire may not utilize the 2005 settlement to assert a claim against FIGA for failure to defend the common insured and that any duty owed to U.S. Fire by FIGA is destroyed by the purported settlement agreement as there is no longer a common insured.

---

[9]The particulars of this general assertion are set forth at ¶¶ 24-47 of FIGA's Proposed Petition. At its core, the dispute, if there is one, between FIGA and U.S. Fire is founded on the FIGA's duty of good faith and fair dealing owed to its insured and to U.S. Fire as the excess carrier in these circumstances. It maintains that the current posture of the case and the position maintained by U.S. Fire regarding its defense of the state tort action places their respective duties at odds. As FIGA views the 2005 settlement, it is intended to, and serves to, drive a wedge between the two insurers by permitting the Suncoast Defendants to pursue the claims against FIGA and/or U.S. Fire and thereby creating adverse interests between the two. It also asserts that it, too, should be a part of the litigation to the extent that it will address the scope and effect of the settlement agreement.

B.

FIGA first argues that it is entitled to intervene as of right under Fed. R. Civ. P. 24(a). A party seeking to intervene as of right under Rule 24(a)(2) must demonstrate that: (1) its application to intervene is timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. <u>Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.</u>, 425 F.3d 1308, 1311 (11th Cir. 2005); <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1308-09 (11th Cir. 2004); <u>Loyd v. Ala. Dep't of Corrections</u>, 176 F.3d 1336, 1339-40 (11th Cir.1999). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." <u>United States v. Georgia</u>, 19 F.3d 1388, 1393 (11th Cir.1994).

FIGA urges that it is entitled to intervene as a matter of right because (1) its motion to intervene is timely in light of the December 2005 settlement agreement, the consequences of which resulted in establishing an adverse posture between itself and U.S. Fire, (2) it possesses an interest in the same transaction at issue in this action for declaratory judgment, i.e., the underlying tort action and the alleged liability of both U.S. Fire and FIGA under the 2005 settlement between the Suncoast Defendants and the Freedom Defendants, (3) it would be disadvantaged if it could not participate in establishing all of the parties' respective rights and obligations arising out of the 2005 settlement agreement and respective insurance policies, and (4) the other parties are incapable of representing its interests in light of its statutory formation and duties. Aside from asserting their non-objection to intervention, U.S. Fire and the Suncoast Defendants do not respond to these assertions.

I find that FIGA has failed to demonstrate that it is entitled to intervene as of right. Even assuming its motion is timely made, it fails to demonstrate that it has the requisite interest to satisfy the requirements of Rule 24(a)(2). In this circuit, a party seeking intervention under this provision must demonstrate that its interest in the subject matter of the suit is direct, substantial, and legally protectable. Mt. Hawley, 425 F.3d at 1311. A legally protectable interest in this context is something more than an economic interest, it is an interest which the substantive law recognizes as belonging to or owned by the applicant. Id. The subject matter of this litigation is the coverage dispute between U.S. Fire and the Defendants. FIGA's interests in the suit, if any, appear entirely economic. In any event, FIGA fails to demonstrate an interest emanating from substantive law in this dispute.

In the alternative, FIGA urges that permissive intervention, pursuant to Rule 24(b)(2), is proper. As noted above, FIGA contends that given the posture of this case and as the primary insurer, it may be placed in a position adversarial to U.S. Fire, the excess carrier, by reason of the 2005 settlement and on allegations that it breached its duty of good faith and fair dealing through its defense of the common insured.[10] Also, to the extent that the validity and effect of the 2005 settlement (or the earlier settlements) are an issue in this case either

---

[10] As acknowledged at the hearing on March 14, 2006, the "posture" of the case has changed since the filing of this motion. First, the Suncoast Defendants have joined both FIGA and U.S. Fire in the underlying state tort action in an effort to collect on the settlement. U.S. Fire will likely seek a stay in that action to resolve the coverage issue in this court. While U.S. Fire's Amended Complaint does suggest veiled threats of an action against FIGA, in the present posture of the case, the interests of these insurers bear more similarities than differences. Both may assert coverage defenses against the claims of the Suncoast Defendants and challenge the legal efficacy of the December 2005 settlement in light of their policies. Counsel for U.S. Fire now urges that, given the 2005 settlement, the disputes are between the insurers and the Suncoast Defendants not as between themselves. In the circumstances, I cannot conclude that permissive intervention is appropriate the claim set forth in Count I of FIGA's proposed petition for declaratory relief. At best, FIGA may be warranted in intervening to seek declaratory relief as proposed in Count II of its proposed petition to clarify its rights and obligations to U.S. Fire after the settlement.

factually or legally, it must be permitted to intervene to defend its interests.  It urges again that the request to intervene is timely in particular in light of the 2005 settlement and the Amended Complaint, the conflicts are actual, and that intervention promotes judicial economy and will not prejudice the rights of any of the parties.

Rule 24(b) provides, in pertinent part, "[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claims or defenses and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).  "Permissive intervention under Rule 24(b) is appropriate where the applicant's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." Mt. Hawley, 425 F.3d at 1312 (quoting Ga. v. U.S. Army Corps of Eng'rs, 302 F.3d 1249, 1250 (11th Cir. 2002)).

I conclude FIGA should be permitted to intervene in these proceedings, but only on claims for declaratory relief related to the December 2005 settlement or any coverage issues it seeks to raise against the insureds or the Suncoast Defendants.[11]  FIGA does evidence an economic interest in the outcome of the current proceedings, particularly should the court find coverage under the U.S. Fire policies, and it suggests sufficient similar interests on any coverage issues or in any factual or legal determinations made by this court related to the settlement to warrant its intervention.  No other party could adequately protect its interest in these proceedings.  The parties agree that the intervention will not unduly delay the proceedings or prejudice their rights.  In these circumstances, I conclude that permissive

---

[11]Although it is not clear that FIGA will seek to raise any coverage issues against the insured or the Suncoast Defendants, there does not appear any jurisdictional bar should FIGA choose to do so.  See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); see also 7C Charles Alan Wright, et al., Federal Practice & Procedure Civ. 2d § 1917.

intervention under a different petition than that proposed is appropriate to clarify the rights and duties of FIGA and U.S. Fire viz a viz the Suncoast Defendants.

## III.

In conclusion, it is RECOMMENDED that the court GRANT FIGA's Motion to Intervene (Doc. 107), pursuant to Rule 24(b)(2).  It is further RECOMMENDED that the court direct FIGA to file a Petition for Declaratory Relief setting forth claims consistent with this Report and Recommendation and the court's Order within ten (10) days of the date of its Order.

> Respectfully submitted this
> 20th day of March 2006.
>
> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record