UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FIRE INSURANCE CO.,

    Plaintiff,

v.                                        Case No. 8:04-cv-2783-T-23TBM

FREEDOM VILLAGE OF SUN CITY
CENTER, LTD., et al.,

    Defendants.
_____/

**O R D E R**

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), the court referred (Doc. 112) the Florida Insurance Guarantee Association's ("FIGA") motion for leave to intervene (Doc. 107) to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's March 20, 2006, report and recommendation (Doc. 151), James R. Mikes and Suncoast Country Clubs, Inc. ("the Suncoast defendants") object (Doc. 155) and FIGA responds (Doc. 161).

The Suncoast defendants' objection (Doc. 155) neither objects to the Magistrate Judge's recommending the granting of FIGA's motion to intervene nor identifies any error in law or fact in the Magistrate Judge's report.[1] Accordingly, the Suncoast defendants' objection (Doc 155) is **OVERRULED**, the Magistrate Judge's report and recommendation (Doc. 151) is **ADOPTED**, and FIGA's motion to intervene (Doc. 107) is

---

[1] Such an objection "has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [Magistrate Judge] useless. This duplication of time and effort wastes judicial resources rather than saves them, and runs contrary to the purposes of the Magistrates Act." Howard v. Sec. of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**GRANTED**.  FIGA is permitted to intervene as a defendant and shall file, within **ten days**, a petition for declaratory relief, consistent with the Magistrate's report and recommendation, to clarify FIGA's rights and obligations to the plaintiff in light of the December, 2005, settlement agreement.  On or before **May 19 2006**, the parties shall submit a renewed case management report pursuant to Local Rule 3.05.

Because supplemental mediation will assist the parties' resolution of this action, the parties are directed to participate, on or before **July 21, 2006**, in supplemental mediation with **Peter J. Grilli, Esq.**, 3001 West Azeele Street, Tampa, Florida 33609; (813) 874-1002.  Gary Khutorsky is designated as lead counsel responsible for scheduling the mediation conference.  Within **ten days**, Mr. Khutorsky shall file a notice of mediation stating the date, time, and place of the mediation conference.  The provisions of the June 2, 2005, order (Doc. 29) referring this matter to mediation otherwise apply.

ORDERED in Tampa, Florida, on April 19, 2006.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE