**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES FIRE**
**INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                      **Case No. 8:04-cv-2783-T-23TBM**

**JAMES E. MIKES and SUNCOAST**
**COUNTRY CLUBS, INC.,**

    **Defendants.**
                                           /

**O R D E R**

THIS CAUSE is before the court on Defendants' **Opposed Motion to Compel 30(b)(6) Witness Testimony** (Doc. 228) and **Unopposed Motion for Status Conference** (Doc. 229). By their motion to compel, Defendants seek an Order requiring Plaintiff to produce "appropriate witnesses at a Rule 30(b)(6) corporate representative deposition" on August 16, 2006. According to Defendants, the persons identified by Plaintiff as possessing the most knowledge with respect to the instant subpoena are not the most knowledgeable and Plaintiff essentially has admitted as such.[1] Defendants contend that they do not seek an advisory opinion; rather, they seek only a Order directing Plaintiff to comply with this court's previous Orders (Docs. 113, 218) during the deposition scheduled for August 16, 2006. Plaintiff has filed a response in opposition (Doc. 235). Also before the court is Defendants'

---

[1] By Defendants' allegations, Plaintiff has identified Ron Lynch and Frank Hocko as its corporate representatives for the August 16, 2006, deposition. Defendants contend, however, that Plaintiff should have identified the partners at Stephens Lynn Klein LaGava Hoffman & Puya, P.A., the firm representing Plaintiff.

**Motion to Permit Deposition of Former U.S. Fire Employee After Discovery Deadline** (Doc. 234).  By this motion, Defendants seek leave of court to conduct the deposition of Frank Hocko on August 18, 2006, in Morristown, New Jersey.[2]  According to Defendants, the parties had previously agreed that Mr. Hocko would be produced on August 16, 2006, as a Rule 30(b)(6)(6) deponent.  However, by letter dated August 3, 2006, Defendants were informed that Mr. Hocko is no longer employed with Crum & Forster and will not be testifying as U.S. Fire's corporate representative on August 16, 2006.  See (Doc. 234, Attach.).  Plaintiff has not yet responded.

Upon thorough consideration, Defendants' **Opposed Motion to Compel 30(b)(6) Witness Testimony** (Doc. 228) is **DENIED**.  Contrary to Defendants' urging, the court views the motion as requesting an advisory opinion.  Should Defendants' allegations prove to be correct, they may seek remedies following the deposition.  Defendants' **Unopposed Motion for Status Conference** (Doc. 229) is **DENIED** as moot.  As for  Defendants' **Motion to Permit Deposition of Former U.S. Fire Employee After Discovery Deadline** (Doc. 234), the motion is **GRANTED**.  Defendants may conduct the fact witness deposition of Mr. Hocko outside of the discovery period.

**Done and Ordered** in Tampa, Florida, this 9th day of August 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[2] The discovery deadline was July 31, 2006.  (Doc. 189).

2