UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES FIRE**
**INSURANCE COMPANY,**

    **Plaintiff,**

v.                                         **Case No. 8:04-cv-2783-T-23TBM**

**JAMES R. MIKES and**
**SUNCOAST COUNTRY CLUBS, INC.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion for Partial Summary Judgment on the Issue of Prejudgment Interest** (Doc. 231) and Defendants' response in opposition (Doc. 257). Oral arguments on this matter were heard on March 6, 2007.

In this action for declaratory relief, United States Fire Insurance Company (hereinafter "U.S. Fire" or "Plaintiff") seeks a declaration that it is not liable for any portion of a settlement that was negotiated in the underlying state court action styled <u>Suncoast Country Clubs, Inc. and James R. Mikes v. Freedom Village of Sun City Center, Ltd., Freedom Group, Inc., and Frank Herold</u>, Case No. 98-5802. By the instant motion, U.S.Fire seeks a ruling that, as a matter of Florida law, Mr. Mikes and Suncoast Country Clubs, Inc. (hereinafter "Suncoast"), are not entitled to pre-judgment interest as stipulated to as part of that settlement. In response, Mikes and Suncoast argue that the issue of prejudgment interest is not a coverage issue raised by U.S. Fire's Amended Complaint. Even if it is, they urge that Florida law

permits them to claim the full amount of prejudgment interest agreed to in the settlement from U.S. Fire.[1]

After careful consideration of the arguments and a review of all the pending motions for summary judgment, **Plaintiff's Motion for Partial Summary Judgment on the Issue of Prejudgment Interest** (Doc. 231) is **DENIED without prejudice**.  While U.S. Fire may be correct in urging that the motion presents a discrete issue that is properly decided apart from its case dispositive motion for summary final judgment (Doc. 252), I believe the more efficient and better course of proceeding is to consider the instant motion, if necessary, in conjunction with, or immediately upon consideration of, its case dispositive motion.  At that time, the court will be better informed of all the pertinent facts related to the settlement, and in any event, a ruling favorable to U.S. Fire on that motion will moot out the issue raised by the instant motion.  Thus, considerations of judicial economy also favor the denial without prejudice of the instant motion.  See, e.g., Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 880 n.6 (1998) (recognizing court's inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants); Young v. City

---

[1] U.S. Fire responds that since its coverage extends to all sums it is legally obliged to pay, the matter of its obligation to pay on the settlement is a coverage dispute within its Amended Complaint and properly raised by this motion.  The motion seeks a broad ruling that U.S. Fire is not liable to pay any prejudgment interest on damages that were unliquidated and accordingly unavailable to Mikes and/or Suncoast under Florida law.  At arguments, counsel for U.S. Fire conceded that prejudgment interest would be permissible from the date of the settlement if the settlement is enforceable as against U.S. Fire.  Mikes and Suncoast urge that U.S. Fire is obligated to pay the stipulated amount for prejudgment interest as they negotiated the same using the earliest date of loss as the starting point for the calculation.  The parties do not view their dispute over prejudgment interest as involving factual disputes preventing summary judgment, but at present, I am not fully convinced that is the case.

of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1168 (11th Cir. 1995) (same).  Should the issue of liability be resolved in a manner contrary to U.S. Fire's position, the matter of prejudgment interest may be revisited at that time.

**Done and Ordered** in Tampa, Florida, this 13th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record

Case 8:04-cv-02783-SDM-TBM   Document 306   Filed 03/13/07   Page 3 of 3 PageID 6403