UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES FIRE INSURANCE CO.,

    Plaintiff,

v.                                               CASE NO: 8:04-cv-2783-T-23TBM

JAMES R. MIKES and
SUNCOAST COUNTRY CLUBS, INC.,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND ORDER TO SHOW CAUSE**

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), a September 20, 2006, order (Doc. 262) referred the parties' cross-motions for summary judgment (Docs. 252, 258, 259, 260, and 261) to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's August 23, 2007, report and recommendation (Doc. 346), both parties object (Docs. 348, 350) and both parties (Docs. 353, 354, 356-2) respond. Also before the court are (1) a motion by James R. Mikes and Suncoast Country Clubs, Inc., ("Mikes/SCC") (Doc. 355) to strike the response of U.S. Fire Insurance Company ("U.S. Fire") and U.S. Fire's response (Doc. 358) to the motion; (2) U.S. Fire's motion (Doc. 356) for leave to re-file its response one day out of time to comply with Local Rule 3.01(b) and Mikes/SCC's response (Doc. 357) to the motion; and (3) Mikes/SCC's request (Docs. 349, 351) for judicial notice of (a) the appellant's initial

brief apparently[1] filed on June 22, 2006 (Doc. 349-2) in <u>Twoomey v. Wachovia Ins. Servs., Inc.</u>, (11th Cir. 2006), which is pending on certified questions before the Florida Supreme Court (Case No. SC06-1110), and particularly pages 5-6 of the brief, and (b) U.S. Fire's Petition for Writ of Certiorari to the Florida District Court of Appeal (Doc. 349-3) in the underlying state court action styled <u>Suncoast Country Clubs, Inc., and James R. Mikes v. Freedom Village of Sun Center, Ltd., Freedom Group, Inc., and Frank Herold</u>, Case No. 95-5802 (the "Suncoast action"), and particularly page 12 of the petition.[2]

As an initial matter, U.S. Fire's motion (Doc. 356) for leave to re-file its response to Mikes/SCC's objections "one day out of time"[3] to comply with the page limits in Local Rule

---

[1] The copy of the brief submitted by Mikes/SCC (Doc. 349-2) is apparently unsigned, but has a certificate of service (also apparently unsigned) dated June 22, 2006.

[2] Mikes/SCC also "reaffirm their Doc. 277 motion to strike and in limine and move to strike from the Court's consideration the improper reference to non-record evidence" in pages 3-4 and footnote 1 of U.S. Fire's objections. (Doc. 353 at 4-5) The Magistrate Judge already granted (Docs. 334, 339-2 at 17) Mikes/SCC's motion (Docs. 277) to the extent that for the purpose of deciding the cross-motions for summary judgment the court will not consider the Hauser statement to which Mikes/SCC refers. <u>See</u> also Doc. 346 n.17. Accordingly, the motion to strike the reference in U.S. Fire's objections is **DENIED AS MOOT**. Mikes/SCC also files a "Response to U.S. Fire's Notice of Supplemental Authority" (Doc. 361) that is not contemplated by the rules and constitutes a reply without leave of court in violation of Local Rule 3.01(c). The response (Doc. 361) is **STRICKEN**.

[3] U.S. Fire's September 24, 2007, response (Doc. 354) was not untimely. Under Rule 72(b), Federal Rules of Civil Procedure, and Local Rule 6.02, U.S. Fire had ten days after being served with Mikes/SCC's September 7, 2007, objections (Doc. 350) to respond. Rule 6(a), Federal Rules of Civil Procedure, provides that for the computation of a period less than eleven days, a Saturday, Sunday, or legal holiday is excluded, and Rule 6(e), Federal Rules of Civil Procedure, provides that if a period is computed from the service of a paper and service is made under Rules 5(b)(2)(B), (C), or (D), "three days are added after the prescribed period would otherwise expire under [Rule 6(a)]." <u>Cf</u>. Fed. R. Civ. P. 6 advisory committee note to

(continued...)

3.01(b) is **GRANTED** and the Clerk is directed to file U.S. Fire's attached response (Doc. 356-2) as a separate document.  U.S. Fire concedes (Doc. 356 ¶ 3) that U.S. Fire's initial response failed to comply with Local Rule 3.01(b) and Mikes/SCC's motion (Doc. 355) to strike U.S. Fire's initial response (Doc. 354) is **GRANTED**.  The Clerk is directed to electronically delete Doc. 354 from the record.  U.S. Fire has not opposed Mikes/SCC's request (Docs. 349, 351) for judicial notice of the exhibits attached to Doc. 349 and the request is **GRANTED**.

A de novo determination of those portions of the report and recommendation to which the parties object reveals that the objections either are unfounded or otherwise require no different resolution of the motion.  Accordingly, the parties' objections (Docs. 348, 350) are **OVERRULED** and the Magistrate Judge's report and recommendation (Doc. 346) is **ADOPTED**.  The plaintiff's motion for final summary judgment (Doc. 252) is **GRANTED,** and the defendants' motion for partial summary judgment (Docs. 258) is **DENIED**.  The defendants' "Motion for Partial Summary Judgment that U.S. Fire Received Timely Notice of the Claim, and U.S. Fire's Late Notice Defense Does Not Void Coverage," "Motion for Partial Summary Judgment that by Settlement with the Insureds, the Mikes Claim Constitutes One Occurrence under the U.S. Fire and PHICO Policies, and U.S. Fire Is Liable for All Sums Over the PHICO Policy per Occurrence Limit," and "Motion for Partial Summary Judgment that There Is Coverage under the U.S. Fire Policy

---

[3](...continued)
2005 amendments ("Intermediate Saturdays, Sundays, and legal holidays are included in counting" the three days added under Rule 6(e)).  Under these rules, U.S. Fire's ten days to respond expired on Monday, September 24, 2007.

over the Amounts Provided in the Settlement Documents Between Mikes/SCC and the Insureds" (Docs. 259, 260, and 261) are **DENIED AS MOOT**.

The Clerk is directed to enter judgment for the plaintiff and against the defendants declaring that U.S. Fire is not liable under three umbrella insurance policies U.S. Fire issued to Freedom Group, Inc.,–(1) policy no. 553 027192 2 (Docs. 130-2, 130-3, 130-4) covering the period June 30, 1995 to June 30, 1996, (2) policy no. 553 039777 8 (Docs. 130-5, 130-6, 130-7) covering the period June 30, 1996, to June 30, 1997, and (3) policy no. 553 051715 4 (Docs. 130-8, 130-9, 130-10) covering the period June 30, 1997, to June 30, 1998–for any portion of the settlement agreement that Freedom Village of Sun City Center, Ltd., Freedom Group, Inc., American Retirement Corporation (as successor in interest to Freedom Group, Inc.), and Frank Herold entered into with Mikes/SCC in the Suncoast action (the "Suncoast settlement") on or about November 30, 2005.  Finally, on or before **October 31, 2007**, the defendants shall file and serve a written response of no more than five pages showing cause why the defendants' counterclaim (Doc. 215) should not be dismissed because barred by res judicata or mootness or because otherwise subject to dismissal in light of this order.  Within ten days after service of the defendants' paper, the plaintiffs may respond in no more than five pages.  Because the filings in this case have been excessive, the parties shall file nothing further without first obtaining leave of court by a motion not exceeding two pages.

ORDERED in Tampa, Florida, on October 16, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE