**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES FIRE**
**INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                                         **Case No.  8:04-cv-2783-T-23TBM**

**JAMES R. MIKES and SUNCOAST**
**COUNTRY CLUBS, INC.,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on referral by the Honorable Steven D. Merryday

for a Report and Recommendation on **U.S. Fire's Verified Motion to Tax Costs** (Doc. 369).

*See* docket entry dated 11/7/2007.  By its motion, Plaintiff seeks to recover $18,047.95 for the

costs it has incurred in prosecuting this declaratory action and it urges that the costs are

properly taxed against Defendants, James R. Mikes and Suncoast Country Clubs, Inc.

Defendants have filed a response in opposition (Doc. 383).

I.

On December 27, 2004, United States Fire Insurance Company ("Plaintiff" or "U.S.

Fire") filed this declaratory action against its insureds, Freedom Village of Sun City Center,

Ltd., Freedom Group, Inc., and Frank Herold (collectively "Freedom Defendants" or "the

Insureds").  In particular, U.S. Fire sought a declaration that no coverage existed for any

claims asserted against its Insureds in the underlying state court action styled *Suncoast*

*Country Clubs, Inc. and James R. Mikes v. Freedom Village of Sun City Center, Ltd.,*

*Freedom Group, Inc. and Frank Herold*, Case No. 98-5802 (the "Suncoast action"), due to

the Insureds' five-year delay in providing it with notice of the action.  *See* (Doc. 1).  In March

2005, James R. Mikes and Suncoast Country Clubs, Inc. ("Mikes/SCC" or "Defendants")

moved to intervene in the declaratory action, *see* (Doc. 12), and their motion to intervene was

granted on April 15, 2005, *see* (Doc. 17).  On October 6, 2005, the parties attended a court-

ordered mediation, which proved unsuccessful.  *See* (Doc. 51).  On January 13, 2006, U.S.

Fire sought leave to file an amended complaint, *see* (Doc. 106), and the motion was granted

shortly thereafter.  *See* (Doc. 120).

On February 10, 2006, U.S. Fire filed its Amended Complaint (Doc. 127) against the

Freedom Defendants and Mikes/SCC, seeking a declaration that it was not liable for any

portion of a settlement that was negotiated (in December 2005) in the Suncoast action.[1]  On

June 2, 2006, U.S. Fire withdrew its defense of late notice.  (Doc. 192).  On June 6, 2006, the

Freedom Defendants were dismissed from the instant action.  (Doc. 194).  On July 13, 2006,

another court-ordered mediation was conducted.  *See* (Doc. 221).  In August and September

2006, the parties filed cross-motions for summary judgment.  By Order (Doc. 362) dated

October 16, 2007, the district court granted U.S. Fire's Motion for Final Summary Judgment

---

[1]Pursuant to the terms of the Suncoast settlement, Mikes/SCC sought to recover from
U.S. Fire the principal sum of $1,700,100 plus prejudgment interest for loss/damage suffered
by Mikes/SCC at the hands of the Freedom Defendants under three umbrella policies issued
by U.S. Fire.

(Doc. 252) and Judgment (Doc. 364) was entered in favor of Plaintiff and against

Defendants.[2]  Thereafter, U.S. Fire filed its instant motion to tax costs (Doc. 369).


II.

Rule 54(d) provides that costs other than attorney's fees "should be allowed to the

prevailing party" unless a federal statute, the federal rules, or court order provides otherwise.

Fed. R. Civ. P. 54(d)(1).  This rule creates a presumption in favor of awarding costs to the

prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296

(11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.

1991)).  In taxing costs under Rule 54, courts may tax only those costs explicitly authorized

by statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).  Under 28

U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of

the court reporter for all or any part of the stenographic transcript necessarily obtained for use

in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification

and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923;

and (6) compensation of court appointed experts and interpreter services.  28 U.S.C. § 1920;

*Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).  It is within the court's

discretion to deny a full award of costs; however, the court "must have and state a sound

---

[2]On October 24, 2007, the Judgment was amended to conform with the court's Order
(Doc. 362).  *See* (Doc. 368).

reason for doing so."[3]  *Chapman v. A.I. Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  A

district court's cost determination is reviewed for abuse of discretion.  *Id.*


III.

By its instant motion, Plaintiff seeks to recover costs, pursuant to Fed. R. Civ. P.

54(d)(1) and 28 U.S.C. § 1920.  Specifically, U.S. Fire seeks to recover the following costs:

| | |
|---|---|
| Filing fees: | $    150.00 |
| Process server fees: | $    200.38 |
| Court reporter fees/transcripts: | $11,691.41 |
| Witness fees: | $ 1,000.00 |
| Mediation fees: | $ 1,957.50 |
| Toll charges: | $    562.83 |
| Express mail: | $    320.08 |
| Photocopies: | $ 2,165.75 |
| | $18,047.95 |

*See* Ex. B (Doc. 369-3).  Documentation in support of certain of these costs is appended to the

motion.  *See* Exs. C-F (Doc. 369-4 to 369-7).  Counsel declares that all costs were necessarily

incurred in this action.  Ex. A (Doc. 369-2).

Defendants counter that none of the charges sought are taxable (Doc. 383).  First,

Defendants urge that certain costs sought by Plaintiff are not compensable under § 1920.  In

particular, Defendants assert that the costs incurred for facsimiles, long-distance telephone

calls and teleconferencing, couriers, express mail, postage, and mediation fees are not taxable

---

[3]The Eleventh Circuit has recognized that the "denial of costs is in the nature of a
penalty for some defection on [the prevailing party's] part in the course of litigation."
*Chapman*, 229 F.3d at 1039 (quoting *Walters v. Roadway Express, Inc.,* 557 F.2d 521, 526
(5th Cir. 1977).

under § 1920.  Second, Defendants urge that Plaintiff is not entitled to recover the $1,000.00

witness (deposition) fee paid to Frank Hocko, the former claims manager assigned to this

matter and the Plaintiff's primary Rule 30(b)(6) witness, because he essentially was a

party/employee and thus Plaintiff may not collect a witness fee for his deposition.  Even

assuming that Plaintiff is entitled to a witness fee for Hocko's deposition, Defendants urge

that the maximum amount it may recoup is the $40.00 attendance fee under 28 U.S.C. § 1821.

Third, Defendants urge that Plaintiff is not entitled to costs for photocopying and court

reporter fees/transcripts because Plaintiff failed to adequately describe the nature of such and

therefore a determination cannot be made that such was necessarily obtained for use in the

case.  Finally, Defendants urge the court to exercise its discretion to deny the following:

(1) costs incurred prior to Defendants becoming parties to this litigation in May 2005 (these

costs include the filing fee, process server fees, and certain court reporter fees and

photocopies); (2) costs incurred due to Plaintiff's "bogus late notice assertion and discovery

abuses" (these costs include deposition fees for U.S. Fire employees taken in February,

March, and August 2006); (3) costs incurred related to Plaintiff's state court joint-defense

agreement (these costs include copy costs dated August 9, 2005, and certain depositions

conducted in February and September 2005); and (4) all costs incurred prior to June 2006

when the Insureds were dismissed from this litigation.  (Doc. 383).

Each category of costs is addressed in turn.

### Fees of the Clerk and Fees for Service of Summons and Subpoena

Plaintiff seeks to recover the $150.00 filing fee for the complaint and $200.38 for the

fees incurred in serving the summons and subpoena.  Pursuant to §§ 1920(1) and 1921, these

5

costs ordinarily should be taxed to Defendants.  *See* 28 U.S.C. §§ 1920(1), 1921; *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding private process server fees may be taxed under §§ 1920(1), 1921).  However, it is recommended that the court exercise its discretion and deny Plaintiff's requests for the above costs.  Notably, Defendants were not parties to the litigation at the time the costs were incurred; rather, Plaintiff brought suit against its Insureds, the Freedom Defendants.  Furthermore, Plaintiff's basis for declaring no obligation to its Insureds essentially was a late notice defense that was later withdrawn.

### Court Reporter Fees/Transcripts

Plaintiff seeks to recover the court reporter fees associated with the depositions of Frank Hocko (three depositions), Allen Bobo, James Mikes (two depositions), Frank Herold (two depositions), Greg Patterson, Mary Hughes, and Sam Allen, as well as the fees incurred in transcribing hearings in this case.  Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable under § 1920(2).  Depositions submitted by the parties in support of their summary judgment motions are taxable, i.e., necessarily obtained for use in the case.  *See W&O, Inc.* 213 F.3d at 621.  However, such are not taxable if they were not "related to an issue which was present in the case at the time the deposition was taken.  *Id.*  Here, Plaintiff changed the theory of its case when it filed its Amended Complaint in February 2006.  Prior to that time, Plaintiff relied almost exclusively on its assertion that the Freedom Defendants provided it with late notice of the Suncoast action.  Consequently, it is recommended that the court deny Plaintiff's requests for court reporter fees/transcripts which predate the filing of its Amended Complaint.  That leaves the Hocko deposition in February 2006, the Herold deposition in March 2006, the

Hughes deposition in March 2006, the Mikes deposition in May 2006, the Allen deposition in July 2006, the Hocko deposition in August 2006, and the transcript of the hearing on Plaintiff's motion for partial summary judgment in March 2007.  While Defendants are correct that Plaintiff fails to submit particularized documentation of the fees incurred and/or explain how such were necessary obtained for use in the case, the deposition transcripts were utilized extensively by the court in conjunction with the parties' cross-motions for summary judgment and such were undoubtedly wholly or partially necessarily obtained for use in the case.[4]  As for the hearing transcript, it appears entirely reasonable that Plaintiff obtained the transcript in preparation for additional argument and/or motion practice.  Accordingly, it is recommended that Defendants be taxed **$4,989.95** for the court reporter fees/transcripts related to the depositions of Hocko $1,034.50; Herold $1,044.40; Mikes $1,152.50; Allen $779.75; and Hocko $665.00;[5] as well the $313.80 in costs for the transcript of the hearing on March 6, 2007.[6]

### *Mediation fees*

Plaintiff seeks to recover $1,957.50 in mediation fees.  Defendants object to this cost.  Despite the fact that mediation is often court-ordered, as in this case, § 1920 does not

---

[4]Such is not the case in regards to the March 23, 2006, deposition of Mary Hughes.  Review of the pleadings and docket fails to substantiate the need for the transcript of this deposition.

[5]While Defendants urge that the costs incurred with Hocko's depositions should not be taxed because such related to Plaintiff's withdrawn late-notice defense, the parties and the court relied on the witness's testimony and thus the costs associated with such should be recoverable.

[6]The undersigned accepts counsel's representation as to the amounts expended for these court reporter fees/transcripts.

contemplate the costs of mediation.  Of the circuits that have squarely addressed whether

mediation costs may be taxable under § 1920, all have held that they are not.  *See Mota v.*

*Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001); *Brisco-Wade v.*

*Carnahan*, 297 F.3d 781, 782-83 (8th Cir. 2002); *Sea Coast Foods, Inc. v. Lu-Mar Lobster &*

*Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001).  Moreover, U.S. Fire cites no authority for

the proposition that mediation fees are taxable.  Accordingly, it is recommended that U.S.

Fire not recover this cost.

### Witness Fees

Plaintiff seeks to recover the $1,000.00 witness fee it paid to Frank Hocko to depose

him at a time at which he was not employed by U.S. Fire.  The recovery of witness fees under

§ 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40.00 per

diem.  *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 126 S.Ct. 2455, 2460 (2006).

Under § 1821(b), a prevailing party may recover witness fees of up to $40.00 per day and

travel expenses up to 100 miles for the appearance of witnesses at trial.  Here, Plaintiff's

documentation reveals this amount was an "attendance fee;" no travel expenses are alleged.

Accordingly, it is recommended that the court tax Defendants **$40.00** pursuant to the statutory

authority cited above.

### Toll Charges and Express Mail

Plaintiff seeks to recoup costs associated with conference calls ($191.71), long-

distance facsimile and call charges to defense counsel ($371.12), and express mail charges

($320.08).  These expenses are not specifically enumerated in § 1920 and are generally not

8

taxable. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002) (disallowing costs for, among other items, facsimiles, couriers, and express mail). However, long distance telephone calls may be compensable under § 1920 if the prevailing party could have reasonably believed such were necessary to the litigation. *See Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (citing *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)); *see also W&O, Inc.*, 213 F.3d at 621-22. Here, Plaintiff seeks to recoup the costs of teleconferences with defense counsel in May 2005 ($158.69) and May 2006 ($33.02). Because the first teleconference predates the filing of the Amended Complaint and U.S. Fire's withdrawal of its late notice defense, I recommend that the court deny the costs of such. Regarding the May 2006 teleconference, it is reasonable to conclude that such was necessary to the litigation and the cost for such, **$33.02**, should be taxed to the Defendants. As for the long distance calls and/or facsimiles, Plaintiff seeks reimbursement of $371.12 for the communications with Defendants that exceeded $10.00. *See* (Doc. 369-3 at 2). Arguably, these calls were necessary to the litigation. However, many of them predate the filing of the Amended Complaint and should not be recouped. *See* Ex. D (Doc. 369-5 at 4-5). However, the calls made after that time should be recoverable as such undoubtedly were necessary to the litigation. *See id.* at 6-8. Thus, it is recommended that Defendants be taxed **$173.45** for such. As for express mail charges, Plaintiff seeks reimbursement in the amount of $320.08. *See* (Doc. 369-3 at 2-3; Doc. 369-6). The cost of such is not provided for in § 1920 and is non-recoverable. *See* 28 U.S.C. § 1920; *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1266 (M.D. Ala. 2000).

9

*Photocopies*

Plaintiff seeks to recover $2,165.75 for photocopies made between December 2004 and May 2007.  Photocopies may be compensable under § 1920 if the prevailing party could have reasonably believed such were necessary to the litigation.  *See* 28 U.S.C. § 1920(4); *Cullens*, 29 F.3d at 1494; *see also W&O, Inc.*, 213 F.3d at 621-22.  However, for the reasons stated above, it is recommended that the court deny all photocopying charges predating the filing of the Amended Complaint.  As for the post-dated charges, it is recommended that Defendant be taxed **$568.05** for the photocopying done in connection with the depositions charged, i.e., Hocko's deposition in February 2006 ($58.80), Herold's deposition in March 2006 ($158.90), Mikes' deposition in May 2006 ($94.90), Allen's deposition in July 2006 ($199.35), and Hocko's deposition in August 2006 ($23.90), and Plaintiff's preparation for oral arguments before the court ($32.20).[7]  *See* Ex. B (Doc. 369-3 at 4-6), Ex. F (Doc. 369-7).  It is recommended further that the court deny the remaining photocopying charges sought.  Plaintiff submits only limited documentation in support thereof, which includes a date, a brief generalized description of what was copied, and the amount.  The generalized descriptions contain insufficient description to differentiate between costs that were necessarily obtained for use in the case and those that were merely for the convenience of counsel.  *See Cullens*, 29 F.3d at 1494 (holding court did not err in disallowing photocopying costs where plaintiff failed to provide evidence regarding the documents including their use or intended use);

---

[7]Again, the undersigned accepts counsel's representation as to the amounts expended for these charges.

*Scelta*, 203 F. Supp. 2d at 1340-41 (disallowing all charges for photocopying because defendants did not sufficiently describe the costs).

IV.

For the foregoing reasons, it is RECOMMENDED that the court GRANT in part and DENY in part **U.S. Fire's Verified Motion to Tax Costs** (Doc. 369).  In particular, it is RECOMMENDED that Defendants be taxed **$5,804.47** pursuant to 28 U.S.C. § 1920.

Respectfully submitted on this
29th day of January 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record

11